UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORMAN COHEN,

               Plaintiff,

   v.

SAFEWAY INC.,

               Defendant.

CASE NO. 2:25-cv-01271-TL

ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant Safeway, Inc.'s Motion for Summary Judgment. Dkt No. 16. Having considered the Motion, Plaintiff's Response (Dkt. No. 18), Defendant's Reply (Dkt. No. 19), and the relevant record, the Court GRANTS IN PART AND DENIES IN PART the Motion for Summary Judgment, FINDS that Plaintiff lacks constitutional standing and DISMISSES this matter without prejudice for lack of subject matter jurisdiction.

//

//

//

ORDER ON MOTION FOR SUMMARY JUDGMENT – 1

## I.    BACKGROUND[1]

Plaintiff Norman Cohen asserts a personal injury claim arising from an injury allegedly suffered by Malinda Newstrom upon slipping and falling in a Safeway store on July 29, 2022. Dkt. No. 1-2 (Complaint) ¶¶ 5–7. Plaintiff purports to bring this case as Ms. Newstrom's assignee. *Id.* ¶ 4. Attached to the Complaint is a brief document, titled "Assignment of Cause of Action," dated August 16, 2022, and providing, in its entirety:

> I Malinda Newstrom assert I suffered a personal injury on the premises of a Safeway grocery store at Jefferson Suare [*sic*] in West Seattle Washington on or about July 29, 2022. I hereby assign my claim to Norman Cohen. Norman Cohen is authorized but not required to prosecute a lawsuit in order to liquidate my claim.

Dkt. No. 1-2 at 3.

Plaintiff originally filed the instant complaint in King County Superior Court on June 17, 2024. Dkt. No. 17 (Kugler Decl.) ¶ 1. That case progressed into discovery, including Ms. Newstrom's deposition. However, Plaintiff voluntarily dismissed that action in November 2024 after he was sanctioned for failing to answer discovery, and while a motion was pending for further sanctions based on Plaintiff's failure to comply with a court order compelling discovery. Dkt. No. 17 ¶ 3. After dismissal, Plaintiff re-filed the same complaint, again in King County Superior Court but in the Kent courthouse rather than in Seattle, where he had previously filed; that timely removed action is the instant case. *Id.*

Malinda Newstrom is Plaintiff's neighbor and intimate friend. Dkt. No. 17-2 at 6; *see, e.g.*, Dkt. No 17-9 (Cohen—Newstrom Text Messages 4) at 1–2. In Plaintiff's words, "Cohen and Newstrom adore one another." Dkt. No. 17-11 (Interrogatory Responses) at 2.

---

[1] Except where otherwise noted, these facts are drawn from Defendants' Motion for Summary Judgment. *See* Dkt. No. 16 at 2–8. They are supported by documentary evidence and are undisputed by Plaintiff.

ORDER ON MOTION FOR SUMMARY JUDGMENT – 2

Plaintiff is not a licensed attorney. Rather, he is a former lawyer who was disbarred approximately twenty years ago. Dkt. No. 16 at 2. Plaintiff was disbarred in 2006 for "failure to abide by a client's decisions concerning the objectives of representation, lack of diligence, failure to communicate with the client, and improperly attempting to withdraw from a representation." Dkt. No. 17-12 (WSBA Discipline Notice) at 1. The conduct that formed the basis of the disbarment violated five ethical rules and involved missing multiple major deadlines, agreeing to the entry of an arbitration award in the opposing party's favor without his client's consent, attempting to withdraw from a case five days before trial without informing his client, ignoring a settlement offer, and misinforming his client about the reason an arbitration hearing was cancelled. *Id.* His actions in that case resulted in a $8,000 judgment against his client for the opposing party's attorney fees. *Id.* Before his disbarment, Mr. Cohen was twice suspended for similar failures of diligence and communication with clients. *See generally In re Discipline of Cohen*, 150 Wn.2d 774, 82 P.3d 224 (2004) (one-year suspension); *In re Disciplinary Proceeding Against Cohen*, 149 Wash. 2d 323, 67 P.3d 1086 (2003) (six-month suspension).

Despite his disbarment, Plaintiff describes himself—at least sometimes—as a lawyer. *See* Dkt. No. 17-2 at 12 (objecting at Ms. Newstrom's deposition to a characterization of Plaintiff as "no longer a lawyer": "Objection. Mr. Cohen's a lawyer. He's just not permitted to practice."); *but see* Dkt. No. 17-3 (Plaintiff—Hughes emails) at 1 ("I am not an attorney, I am an assignee . . . in effect a collection company[.]" (ellipsis in original)).

Also despite his disbarment, Plaintiff has provided "legal help" to Ms. Newstrom on various occasions since they met in 2018. Dkt. No. 17-2 at 24, 32–33. This has included a legal dispute with Moneytree over the cashing of "a check that had been cancelled" (*id.* at 23), a dispute with Labor & Industries (*id.* at 24), and a traffic ticket (*id.* at 25). Plaintiff also wrote a

letter to a plumbing company Ms. Newstrom believed had overcharged her; Ms. Newstrom testified at her deposition that this letter resolved the matter. *Id.* at 24–25.

Ms. Newstrom believes that Plaintiff is a lawyer, even though Plaintiff has told her that he had been disbarred. *Id.* at 12. She believes that he is protecting her interests by litigating her personal injury claim against Safeway, and she expects to pay him for his work. *Id.* at 28.

On August 16, 2022, Ms. Newstrom signed the "Assignment of Cause of Action" indicating "I hereby assign my claim to Norman Cohen." Dkt. No. 1-2 at 3. At her deposition on October 23, 2025, Ms. Newstrom did not understand the meaning of an assignment of claim or recall ever hearing the term. Dkt. No. 17-2 at 10 ("I have not heard of that term before."). Rather, she testified that she had been looking for a lawyer to help her with her case against Safeway (*id.* at 21), asked Plaintiff "to be my lawyer" (*id.* at 11), and signed the assignment of claim document drafted by Plaintiff with the understanding that it would allow Plaintiff to help her make a claim against Safeway (*id.* at 13–14, 17–18). Ms. Newstrom believes Plaintiff is "protecting her interests" *Id.* at 28. Text messages produced in discovery show Ms. Newstrom messaging Plaintiff, a year and a half after purportedly assigning her claim to him, stating, "You are an amazing lawyer and that is why i brought the Safeway case to you dispite [*sic*] the referrals from my clients. I totally believe in you and your skills. And i thank you for helping me." Dkt. No. 17-6 (Cohen–Newstrom Text Messages 1) at 1.

Plaintiff himself has acted consistently with this perception, advising Ms. Newstrom not to speak with Safeway's claims personnel and counsel except through him. Dkt. No. 17-2 at 11, 26–27. A letter to Sedgwick Claims Management Services Inc., which Plaintiff wrote and Ms. Newstrom signed on November 11, 2022, authorizes Plaintiff to sign "any and all documents including emails, on my behalf with the sole exception . . . [that] his authority does not extend to

affixing my signature to negotiable instruments." Dkt. No. 17-5 at 1.[2] Plaintiff texted Ms. Newstrom regularly with updates about his progress in filing "your lawsuit against Safeway" or "your Safeway lawsuit." Dkt. No. 17-7 (Cohen—Newstrom Text Messages 2) at 1; Dkt. No. 17-9 at 1. Another text message Plaintiff sent to Ms. Newstrom (but apparently intended for someone else) two weeks before filing the first lawsuit reads, "I need to get to the law library to complete a task for Malinda." Dkt. No. 17-8 (Cohen—Newstrom Text Messages 3) at 1. At Ms. Newstrom's deposition (during the first state court case), she testified that she had paid the costs and expenses of litigating the claim, including a $1,900 sanction ordered personally against Plaintiff for failing to answer discovery on time. Dkt. No. 17-2 at 28–29. Ms. Newstrom believes she should pay Plaintiff for his work on this case because paying someone is "the right thing to do" when they are "working for you." *Id.* at 30–31.

Defendant timely removed the second state court action to this Court after it become removable. *See* Dkt. No. 1 (Notice of Removal). Defendant now moves for summary judgment on the ground that Plaintiff does not have standing to assert Ms. Newstrom's personal injury claim.

## II.    LEGAL STANDARD

A party moving for summary judgment must carry its burden of production by "either produc[ing] evidence negating an essential element of the nonmoving party's claim or defense or show[ing] that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). This showing must be made through evidence in the record. Fed. R. Civ. P. 56(c) (explaining the ways in which a "party asserting that

---

[2] Defendant describes the addressee(s) of this letter as "Safeway's claims representatives." *See* Dkt. No. 16 at 5.

a fact cannot be or is genuinely disputed must support the assertion"). If the moving party meets this burden, and if the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment. *Nissan Fire*, 210 F.3d at 1103 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

### III.    DISCUSSION

**A.    Plaintiff Lacks Standing to Bring this Claim**

Defendant argues that Plaintiff does not have standing to bring his claim.

**1.    Law Regarding Standing and Assignment of Claims**

The subject-matter jurisdiction of federal courts is constrained by the case-and-controversy requirement of Article III of the United States Constitution, which limits that jurisdiction to cases brought by plaintiffs who establish standing to sue. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing" exists where a plaintiff is entitled to bring their claims before the court and is an essential ingredient of determining a court's jurisdiction. *See Perry v. Newsom*, 18 F.4th 622, 630–31 (9th Cir. 2021). "The party invoking federal jurisdiction bears the burden of establishing these elements . . . with the manner and degree of evidence required at the successive stages of litigation." *Lujan*, 504 U.S. at 561.

The "irreducible constitutional minimum of standing" requires a plaintiff to have suffered an injury in fact, caused by the defendant's conduct, that can be redressed by a favorable result. *Lujan*, 504 U.S. at 560–61; *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). The injury-in-fact requirement ordinarily dictates that a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490 at 499 (1975); *see also Tingley v. Verguson*, 47 F.4th at 1069 (holding that therapist had no standing to bring claims on behalf of his minor clients).

Relevant here, Washington law provides two narrow exceptions to the common law rule that people must prosecute their own claims. First, a legally bonded and licensed collection agency may maintain suit in its own name on an assigned action, even though the assignment is made for the purpose of collection only. RCW 4.08.080; *see also Washington State Bar Ass'n v. Merchants' Rating & Adjusting Co.*, 183 Wash. 611 (1935) (applying a predecessor statute). Second, RCW 4.08.080 allows a person who is "assign[ed] in writing" a "judgment, bond, specialty, book account, or other chose in action, for the payment of money" to "sue and maintain an action or actions in his or her name, against the obligor or obligors, . . . notwithstanding the assignor may have an interest in the thing assigned[.]" Because RCW 4.08.080 is in derogation of the common law rule against assignment of claims, it should be strictly construed. *Zimmerman v. Kyte*, 53 Wn. App. 11, 17, 765 P.2d 905 (1988).

2.      **Plaintiff's Standing to Assert Claim for Ms. Newstrom's Personal Injury**

In its motion for summary judgment, Defendant points to ample evidence in the record in support of its request that the Court "dismiss Cohen's lawsuit against Safeway as a matter of law for lack of standing to bring Newstrom's personal injury claim." Dkt. No. 16 at 8. Plaintiff's one-page opposition to the Motion for Summary Judgment is so brief the Court will reproduce it here in its entirety:

> This is Plaintiff's opposition to Defendant's bombastic ad hominem motion for summary judgment. Defendants' motion for summary judgment must be denied because RCW 4.08.080 governs. That statute unambiguously confers upon the plaintiff as assignee of Ms. Newstrom's claim for damages against Safeway the right to proceed as attorney pro se. Setting aside explicit statute, well established case law also confers upon me as assignee of Ms. Newstrom's claim against Safeway the right to prosecute this lawsuit against Safeway. See Wash. State Bar Ass,n [*sic*] v. Merchant's Etc.Co [sic.] 183 Wn[.] 611 (Wash 1935). "The assignments being in writing, the assignee became vested with the legal title to the claims assigned, and could maintain an action

thereon in his own name, notwithstanding each assignor may have retained an interest in his particular claim." Yamamoto v Puget Sound Lumber Co., 84 Wn.411, 146 P.861; Nevers v Cochrane, 123 Wn.313, 212 P.251.

To the extent Plaintiff has asserted mattersof [*sic*] fact, plaintiff declares under penalty of perjury of the laws of the state ofWashington [*sic*] that such matters are true. signed/ by Norman Cohen at Seattle, Washington this 9th day of December, 2025[.]

Dkt. No. 18 at 1. In short, Plaintiff states that assignees may prosecute the claims assigned to them (which is uncontested) and that he may prosecute this claim pro se because Ms. Newstrom has assigned it to him—entirely ignoring Defendant's evidence and argument that Ms. Newstrom has not, in fact, assigned her claim to Plaintiff.[3]

Defendant bases its argument on *Amende v. Town of Morton*, 40 Wn. 2d 104, 106–07, 241 P.3d 445 (1952), which holds that an assignment is only valid where the assignor relinquishes all control and rights over the subject matter of the assignment. Dkt. No. 16 at 10–11 (also citing 25 David K. DeWolf & Keller W. Allen, Washington Practice: Contract Law and Practice, § 13:2 at p. 315 (2d ed. 2007))). Defendant argues:

The material facts are undisputed. Newstrom did not sell or relinquish her interest in receiving compensation for personal injuries she allegedly incurred at Safeway's store. She has retained her right to receive the fruits of her personal injury claim. She met with multiple lawyers to find someone to help her make a claim. She asked Cohen to be her lawyer. She obtained and followed Cohen's advice about how to proceed with her claim, including how to deal with Safeway's claims representatives, what documents to sign to allow Cohen to help her, how to deal with Safeway's lawyer, how to testify in a deposition, etc. She understands that Cohen is working for her and expects Cohen to protect her interests in her personal injury claim and to keep her informed of what is happening. She is paying the costs of the

---

[3] Defendant makes two additional arguments: that Plaintiff is not authorized to prosecute this case as a collection agency under RCW 4.08.080 (Dkt. No. 16 at 10), and that Plaintiff is committing the crime of Unlawful Practice of Law, a class C felony (*id.* at 13 (citing RCW 2.48.180(2)(a), (3))). The Court does not reach these arguments—the first, because Plaintiff does not claim standing as a collection agency in this litigation (notwithstanding past statements to a Safeway claims representative), and the second, because questions of criminal liability are neither before the Court nor directly connected to the question of standing.

ORDER ON MOTION FOR SUMMARY JUDGMENT – 8

> lawsuit, including the significant sanctions the state court ordered Cohen to pay for discovery violations. She expects to pay Cohen for his work if he recovers money for her. In authorizing Cohen to sign her name on her behalf, she excepted and retained control over her right to execute negotiable instruments such as a settlement check. She signed the "assignment" letter without knowing what a legal assignment is, trusting in Cohen's explanation that doing so would allow him to help her make a claim against Safeway.

Dkt. No. 16 at 11. Defendant contends that these facts—for which it provided uncontested evidence, *see supra* Section I—along with Plaintiff's actions toward Ms. Newstrom in prosecuting this and the earlier state court case, "demonstrate that [Ms. Newstrom] has retained an ongoing interest in her personal injury claim." Dkt. No. 16 at 11.

Defendant also argues that the purported letter of assignment signed by Ms. Newstrom did not effectively relinquish her rights to the claim because it included a reference to prospective actions "to liquidate *my* claim" and because a later letter written by Plaintiff and signed by Ms. Newstrom specifies that the scope of Plaintiff's authority does not authorize him to sign negotiable instruments on Ms. Newstrom's behalf. *Id.* at 11–12 (emphasis added) (quoting Dkt. No. 1-2 at 3). "Thus," Defendant argues, "Newstrom expressly retained control over any settlement drafts or checks." *Id.* at 5. Further in his communications with Newstrom, Plaintiff refers to "your Safeway lawsuit" and "your lawsuit against Safeway" and to his efforts related to the lawsuit being done "for Malinda." *Id.* at 12 (quoting Dkt. Nos. 17-7, 17-8). Defendant concludes that "Cohen is acting as a licensed lawyer would in representing a client. His words and acts demonstrate that he is helping Newstrom pursue her claim for Newstrom's benefit, not for his own benefit. . . . There has been no valid assignment of Newstrom's cause of action because Newstrom has not been divested of all rights and interests in her claim. Cohen does not own her claim or right to compensation." Dkt. No. 16 at 12–13.

Plaintiff's citation to the 1915 Washington Supreme Court Case *Yamamoto v. Puget Sound Lumber Co.*, 84 Wash. 411, (*see* Dkt. No. 18 at 1) is not without relevance to the critical question of whether Ms. Newstrom effectively assigned her claim to Plaintiff. While Defendant, relying on *Amende*, maintains that Plaintiff cannot sue as an assignee "because Newstrom has not relinquished all control, rights or interest in her claim and there was no valid assignment" (Dkt. No. 16 at 10), *Yamamoto* instructs that an assignment of claim "in writing" can transfer title to the claim assigned "notwithstanding each assignor may have retained an interest in his particular claim." 84 Wash. at 414. Of course, to the extent that these two cases are inconsistent, the more recent decision, *Amende*, must control. However, *Amende* does not contradict *Yamamoto*, but rather clarifies it. While acknowledging that an "assignor may retain a certain beneficial interest" in a claim after transferring title to an assignor, it is unequivocal that "in order to work an equitable assignment the assignor must have intended to transfer a present interest in the . . . subject matter and, pursuant to such intention, must have made an absolute appropriation of the thing assigned, *relinquishing all control or power of revocation* over it, to the use of the assignee." *Amende*, 40 Wash. 2d at 107 (emphasis added) (quoting *Sundstrom v. Sundstrom*, 15 Wn.2d 103, 108, 129 P.2d 783 (Wash. 1942). "An assignee for collection . . . can have title although the assignor may retain a certain beneficial interest." *Id.* Nevertheless, the assignee "can sue only where he has title" to the claim, meaning that he legally owns and controls the claim, which the assignor cannot call back. *See id.*; *see also Sneesby v. Livington*, 182 Wash. 229, 233, 46 P.2d 733 (Wash. 1935) ("The assignor must not retain any control over the fund—any authority to collect, or any power of revocation. If he do, it is fatal to the claim of the assignee. The transfer must be of such a character that the fundholder can safely pay, and is compellable to do so, though forbidden by the assignor." (quoting *Christmas v. Russell,* 81 U.S. 69, 84 (1871))).

Critically, in order for title of a claim to transfer, both "the intent to transfer . . . and its execution are indispensable." *Amende*, 40 Wash. 2d at 107 (quoting *Sneesby*, 182 Wash. at 233). "The particular words are not important as long as the intent is manifest to deprive the assignor of control." *Id.* "Any language showing an in[t]ent in the owner to transfer and invest property in the assignee is sufficient." *Id.* at 106.

The undisputed record before the Court shows that Ms. Newstrom neither intended to transfer title to her claim to Plaintiff nor executed such a transfer—both facts that are "fatal" to Plaintiff's claim. The letter of assignment that Plaintiff wrote and Ms. Newstrom signed on August 16, 2022, states that Ms. Newstrom "assign[s her] claim to Norman Cohen," but there is no indication in the letter or elsewhere that she understood or intended that "assignment" to be a transfer to Plaintiff of her title of her claim. Rather, Ms. Newstrom agreed at her deposition that on the date she signed the letter Plaintiff had written she "engaged him to be [her] lawyer." Dkt. No. 17-2 at 11. This belief is consistent with the letter of assignment's language authorizing Plaintiff "to prosecute a lawsuit in order to liquidate my claim." Ms. Newstrom believes Plaintiff to be a lawyer, chose him to help her make a claim against Defendant, neither wrote nor understood the letter of assignment, funded the litigation of this claim, believed Plaintiff should be paid for his work on her behalf, and received updates from Plaintiff on what he described as "your lawsuit" in state court.

There is also ample evidence that Ms. Newstrom maintained real rights over her claim, including the authority to collect its proceeds. The November 2022 letter from Ms. Newstrom to Safeway's claims representatives authorizes Plaintiff to sign "any and all documents . . . [except] negotiable instruments" and specifically indicates that he is authorized to sign as "Malinda Newstrom by Norman Cohen; and/or Norman Cohen for Malinda Newstrom." Dkt. No. 17-5 at 1. This confirms that Plaintiff was working "for" Ms. Newstrom, and that she, not he,

maintained the right to collect any payment from Defendant. Plaintiff further indicated that he was working on Ms. Newstrom's behalf in an interrogatory response averring that "[i]n the truest sense Cohen is prosecuting this suit for love and affection. Cohen and Newstrom adore one another." Dkt. No. 17-11 at 1–2.

Considering the full record before the Court, the Court FINDS that that Defendant has shown that the purported assignment of Ms. Newstrom's claim to Plaintiff was never effected— an essential prerequisite for Plaintiff to have standing to bring his claim. Plaintiff has not rebutted this showing by providing any evidence to establish a genuine issue of material fact as to Ms. Newstrom's continued title to her personal injury claim. Notwithstanding Plaintiff's assertion of his right to pursue "his" claim as Ms. Newstrom's assignee, he is, in every real sense, pursuing *her* claim on her behalf without a license to practice law.

Because Ms. Newstrom has not surrendered the title to her own claim against Defendant, the claim is not Plaintiff's, and he has no standing to prosecute it. As such, there is no case or controversy here, and dismissal is required.

## B.    Dismissal Is Properly Without Prejudice

The relief Defendant requests in the instant motion is dismissal. Specifically, Defendant asserts that Plaintiff's "lawsuit against Safeway should be dismissed with prejudice as a matter of law." Dkt. No. 16 at 14. However, because Plaintiff's lack of standing deprives the Court of subject matter jurisdiction, dismissal without prejudice is appropriate here. *See, e.g.*, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("In general, dismissal for lack of subject matter jurisdiction is without prejudice.").

//

//

//

ORDER ON MOTION FOR SUMMARY JUDGMENT – 12

### IV.   CONCLUSION

Accordingly, it is hereby ORDERED:

(1)   Defendant's Motion for Summary Judgment (Dkt. No. 16) is GRANTED IN PART AND DENIED IN PART, and this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. Judgment will be entered separately in accordance with this order.

(2)   Plaintiff SHALL provide a copy of this Order to Malinda Newstrom and file a declaration confirming that he has done so **within 14 days** of this Order.

(3)   The Clerk of Court is DIRECTED to send a copy of this order to the Washington State Bar Association ("WSBA") at the following address so that the WSBA may take any appropriate action:

> **Practice of Law Board / Office of Disciplinary Counsel**
> Washington State Bar Association
> 1325 4th Avenue, Suite 600
> Seattle, WA 98101-2539

Dated this 5th day of June, 2026.

_____
Tana Lin
United States District Judge

ORDER ON MOTION FOR SUMMARY JUDGMENT – 13